UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ROSA FLORES and DAVID HOWARD, and on
behalf of themselves and all others similarly situated,   Case No. 25-CV-6259 (VMS)

                         Plaintiffs,

-against-   Filed Electronically

ALLIED AVIATION SERVICES INC.,

                         Defendant.

------------------------------------------------------------------------ X

      Defendant, ALLIED AVIATION SERVICES, INC. ("Defendant") by and through its attorneys, Forchelli Deegan Terrana LLP, as and for its Answer to the complaint (the "Complaint") filed by plaintiffs, ROSA FLORES and DAVID HOWARD, on behalf of themselves and those similarly situated ("Plaintiffs"), responds as follows:

<u>PRELIMINARY STATEMENT</u>

    1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

    2. Defendant denies the allegations set forth in in paragraph "2" of the Complaint.

    3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "3" and "4" of the Complaint and respectfully refers all questions of law to the Court.

## JURISDICTION AND VENUE

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "5", "6" and "7" of the Complaint and respectfully refers all questions of law to the Court.

## PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "8", "9", "10", "11", "12" and "13" of the Complaint.

6. Defendant denies the allegations set forth in paragraphs "14", "15", "16" and "17" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "18", "19" and "20" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "21", "22" and "23" of the Complaint and respectfully refers all questions of law to the Court.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in paragraphs "24", "25", "26", "27", "28" and "29" of the Complaint.

10. Defendant denies the allegations set forth in paragraphs "30", "31", "32" and "33" of the Complaint and respectfully refers all questions of law to the Court.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in paragraphs "34", "35" and "36" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "37", "38" and "39" of the Complaint and respectfully refers all questions of law to the Court.

13. Defendant denies the allegations set forth in paragraphs "44" of the Complaint and respectfully refers to the unidentified website referenced in the Complaint for its true terms, meaning and import at the time of trial.

14. Defendant denies the allegations set forth in paragraphs "45", "46" and "47" of the Complaint.

15. Defendant denies the allegations set forth in paragraphs "48" of the Complaint and respectfully refers to the *Ltr to St. of N.J. Dept. of Lab*. (Feb. 12, 2016) referenced in the Complaint for its true terms, meaning and import at the time of trial.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "49" and "50" of the Complaint and respectfully refers all questions of law to the Court.

17. Defendant denies the allegations set forth in paragraphs "51", "52" and "53" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint and respectfully refers all questions of law to the Court.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "56" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint and respectfully refers all questions of law to the Court.

### AS AND FOR A RESPONSE TO FLSA COLLECTIVE ACTION CLAIMS

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

23. Defendant denies the allegations set forth in paragraph "59" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint and respectfully refers all questions of law to the Court.

26. Defendant denies the allegations set forth in paragraphs "62" and "63" of the Complaint and respectfully refers all questions of law to the Court.

### AS AND FOR A RESPONSE TO CLASS ACTION CLAIMS

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint and respectfully refers all questions of law to the Court.

28. Defendant denies the allegations set forth in paragraphs "65" and "66" of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

30. Defendant denies the allegations set forth in paragraph "68" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

32. Defendant denies the allegations set forth in paragraphs "70", "71" and "72" of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

AS AND FOR A RESPONSE TO COMMON FACTUAL ALLEGATIONS

34. Defendant denies the allegations set forth in paragraphs "74", "75", "76" and "77" of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

36. Defendant denies the allegations set forth in paragraphs "79" and "80" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "81", "82" and "83" of the Complaint.

38. Defendant denies the allegations set forth in paragraph "84" of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

40. Defendant denies the allegations set forth in paragraphs "86", "87" and "88" of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint and respectfully refers all questions of law to the Court.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "91", "92", "93" and "94" of the Complaint.

44. Defendant denies the allegations set forth in paragraph "95" of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

46. Defendant denies the allegations set forth in paragraph "97" of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

48. Defendant denies the allegations set forth in paragraphs "99", "100" and "101" of the Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "102" and "103" of the Complaint.

50. Defendant denies the allegations set forth in paragraph "104" of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint and respectfully refers all questions of law to the Court.

52. Defendant denies the allegations set forth in paragraphs "106", "107", "108", "109", "110" and "111" of the Complaint.

53. Defendant denies the allegations set forth in paragraphs "112" and "113" of the Complaint and respectfully refers all questions of law to the Court.

54. Defendant denies the allegations set forth in paragraph "114" of the Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

56. Defendant denies the allegations set forth in paragraph "116" of the Complaint and respectfully refers all questions of law to the Court and refers *Ltr to St. of N.J. Dept. of Lab*. (Feb. 12, 2016) referenced in the Complaint for its true terms, meaning and import at the time of trial.

57. Defendant denies the allegations set forth in paragraph "117" of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

59. Defendant denies the allegations set forth in paragraph "119" of the Complaint.

60. Defendant denies the allegations set forth in paragraphs "120" and "121" of the Complaint and respectfully refers all questions of law to the Court and refers *Ltr to St. of N.J. Dept. of Lab*. (Feb. 12, 2016) referenced in the Complaint for its true terms, meaning and import at the time of trial.

61. Defendant denies the allegations set forth in paragraphs "122" and "123" of the Complaint.

## AS AND FOR A RESPONSE TO FIRST CAUSE OF ACTION

62. With respect to the allegations set forth in paragraph "124", Defendant repeats and realleges each and every response set forth in the foregoing paragraphs.

63. Defendant denies the allegations set forth in paragraph "125" of the Complaint.

64. Defendant denies the allegations set forth in paragraph "126" of the Complaint and respectfully refers all questions of law to the Court.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

66. Defendant denies the allegations set forth in paragraphs "128", "129" and "130" of the Complaint.

## AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION

67. With respect to the allegations set forth in paragraph "131", Defendant repeats and realleges each and every response set forth in the foregoing paragraphs.

68. Defendant denies the allegations set forth in paragraph "125" of the Complaint.

69. Defendant denies the allegations set forth in paragraphs "133", "134" and "135" of the Complaint and respectfully refers all questions of law to the Court.

70. Defendant denies the allegations set forth in paragraph "136" of the Complaint.

71. Defendant denies the allegations set forth in paragraph "137" of the Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION

72. With respect to the allegations set forth in paragraph "138", Defendant repeats and realleges each and every response set forth in the foregoing paragraphs.

73. Defendant denies the allegations set forth in paragraphs "139" and "140" of the Complaint and respectfully refers all questions of law to the Court.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

74. By way of further answer, Defendant asserts the following and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intend to raise,

and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76.     Plaintiffs' Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77.     Plaintiffs' Complaint is barred, in whole or in part, by applicable statutes of limitation and/or the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78.     Plaintiffs' Complaint is barred, in whole or in part, pursuant to inter alia, 29 U.S.C. § 260 and New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL"), and as such, Defendant asserts a lack of willfulness, recklessness, or intent to violate the NYLL, the FLSA or any other applicable state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79.     The Complaint is barred, in whole or in part, pursuant to inter alia, New York law as Defendant acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the New York State Department of Labor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. Plaintiffs and/or the putative class are not entitled to relief as against Defendant, to the extent that they were not employees of the Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. The Complaint fails to state a claim under federal, state, and local law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. Without admitting that Plaintiffs were subject to the overtime and wage and hour provisions of the FLSA and/or NYLL and all applicable regulations and without admitting that Plaintiffs were employed by Defendant, Plaintiffs were paid properly under all applicable wage hour laws and regulations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. The Complaint is barred, in whole or in part, because of full and complete payment to Plaintiffs, accord and/or satisfaction. Plaintiffs have been paid fully and completely for all wages due and there are no amounts due and owing to Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84. Plaintiff cannot establish a willful violation under the NYLL and/or the FLSA, and/or any other applicable regulations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85. Plaintiffs cannot recover liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that Defendant's alleged acts or omissions were not in violation of the NYLL and/or FLSA, and/or any other applicable regulations.

### AS AND FOR AN ELEVENTH DEFENSE

86. Plaintiffs' claims are barred in whole or in part to the extent that the work Plaintiffs performed and/or perform falls within exemptions, exclusions, offsets or credits, including, without limitation, those provided for in the NYLL and/or FLSA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims are barred and precluded, in whole or in part, by the doctrine of avoidable consequences and estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

88. To the extent Defendant failed to pay Plaintiffs for any of the activities alleged in the Complaint -- which Defendant denies -- such activities do not constitute compensable work under the NYLL or FLSA, and/or any other applicable regulations, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities/duties of (purported) employment and are not compensable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

89. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

90. Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff as a supervisor was exempt from receiving overtime under the FLSA and NYLL.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

92. Plaintiffs' claims are barred and precluded, in whole or in part, by Plaintiffs' unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate

any damages they may have suffered. Accordingly, Plaintiffs' right to recover against Defendant should be reduced and/or eliminated due to such failure.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

93.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

94.  Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

95.  If Plaintiffs suffered any of the damages alleged in the Complaint, such damages were suffered solely as a result of their own negligent, recklessness, and/or improper actions, practices and/or conduct, and Plaintiffs' culpable conduct is a bar to any recovery against Defendant.

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

96.  To the extent discovery reveals Plaintiffs falsely reported hours of work and there is no evidence that Defendant authorized, suffered or permitted the false reporting of hours, Defendant invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

### AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

97.  The Complaint is barred, in whole or in part, and neither a class nor collective action can be certified, because Plaintiffs cannot establish that they are similarly situated to potential members of the collective action for the purposes of 29 U.S.C. §216(b), or is a suitable class representative.

### AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

98.  Plaintiffs' claims are barred in whole, or in part, by the doctrines of res judicata, estoppel, and/or waiver.

### AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE

99. Defendant is entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to Plaintiffs.

### AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE

100. Defendant denies each and every allegation in the Complaint not expressly admitted herein.

### AS AND FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE

101. Defendant presently has insufficient knowledge or information upon which a belief can be formed as to whether Defendant may have additional, but yet unknown and unstated defenses. Defendant reserves the right to amend their Answer to assert such additional defenses in the event that discovery reveals that additional defenses are appropriate.

### AS AND FOR A TWENTY EIGHTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed and/or perform falls within exemptions, exclusions, offsets or credits, including, without limitation, those provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. §207, and NYLL. Particularly, Plaintiffs, as supervisors, are exempt from receiving overtime payment.

### AS AND FOR A TWENTY NINTH AFFIRMATIVE DEFENSE

103. Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the numerosity requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

104. Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the requirement that questions of law or fact exist that are common to the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

### AS AND FOR A THIRTY FIRST AFFIRMATIVE DEFENSE

105. Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the typicality requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

### AS AND FOR A THIRTY SECOND AFFIRMATIVE DEFENSE

106. Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the requirement that the representative parties fairly and adequately protect the interests of the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

### AS AND FOR A THIRTY THIRD AFFIRMATIVE DEFENSE

107. Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiffs.

### AS AND FOR A THIRTY FOURTH AFFIRMATIVE DEFENSE

108. Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

### AS AND FOR A THIRTY FIFTH AFFIRMATIVE DEFENSE

109. Defendant has relied on the prior determinations of the New Jersey Department of Labor that the supervisors are exempt employees are appropriately compensated under the NJWPL, NYLL and FLSA.

## AS AND FOR A THIRTY SIXTH AFFIRMATIVE DEFENSE

110.   Neither Plaintiffs, nor the persons on whose behalf they purport to bring this action, cannot establish a willful violation under the FLSA and/or the NYLL.

## AS AND FOR A THIRTY SEVENTH AFFIRMATIVE DEFENSE

111.   Plaintiffs, and the persons on whose behalf they purport to bring this action, cannot recover liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that Defendant's acts or omissions were not in violation of the FLSA or the NYLL.

## AS AND FOR A THIRTY EIGHTH AFFIRMATIVE DEFENSE

75. The Complaint fails to state a claim under federal or New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR A THIRTY NINETH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred and precluded, in whole or in part, pursuant to the doctrine of avoidable consequences.

Dated: Uniondale, New York
       March 6, 2026

                                                 FORCHELLI DEEGAN TERRANA, LLP

                                                 *Frank W. Brennan*
                                                _____
                                                 Frank W. Brennan, Esq.
                                                 Attorneys for Defendant
                                                 333 Earle Ovington Boulevard, Ste 1010
                                                 Uniondale, New York 11553
                                                 (516) 248-1700