UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSA FLORES and DAVID HOWARD,

Plaintiffs,

v.

ALLIED AVIATION SERVICES INC.,

Defendant.

**CIVIL CASE MANAGEMENT PLAN**

25-CV-6259 (HG)

**HECTOR GONZALEZ**, United States District Judge:

After receiving input from the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f). The parties should not anticipate extensions of the deadlines specified in this order and shall not make a unilateral decision to stay or halt discovery on the basis of settlement negotiations, or for any other reason, in anticipation of an extension.

The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto. Interim deadlines for these discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the fact and expert discovery completion dates.

1.    **Fact Discovery**

a.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All fact discovery is to be completed by June 22, 2026, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

    b.     For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

    c.     Any motion to amend pleadings or to join additional parties not allowed as of right pursuant to the Federal Rules of Civil Procedure must be raised through a pre-motion letter that complies with Section IV.A of the Court's Individual Practices by May 25, 2026.  After this date, no further amendments under Fed. R. Civ. P. 15 will be permitted.

2.    **Expert Discovery**

    a.     All expert discovery is to be completed by August 21, 2026, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

    b.     If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless – prior to that date – a party files a motion seeking an extension for purposes of taking expert discovery, which must comply with Section I.C of the Court's Individual Practices.  Any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.

3.    **Post-Discovery Motions**

    a.     14 days after the close of fact or expert discovery, whichever occurs later, the parties shall file their motion for class certification.  Oppositions to a

motion for class certification shall be filed 30 days later and replies, if any, shall be filed 10 days after the filing of the opposition to class certification.

b.      30 days after the completion of fact or expert discovery, whichever occurs later, the parties shall file pre-motion letters related to any proposed motions for summary judgment or motions to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

c.      Any such pre-motion letters shall comply with Section IV.A of this Court's Individual Practices, including the requirement that any such letters related to a motion for summary judgment contain the statement of material facts required by the Eastern District of New York's Local Civil Rule 56.1.

d.      There shall be no cross-motions.  Any motions not raised in a pre-motion letter by the deadline specified above will not be considered.  The papers served and filed pursuant to any motions allowed by the Court shall comply with the requirements in Section IV.A and B of this Court's Individual Practices.

4.      **Pre-Trial Submissions**

a.      The parties shall submit to the Court for its approval a Joint Pretrial Order containing the content described in Section VI.B of the Court's Individual Practices either: (a) within 60 days after the completion of fact or expert

discovery, whichever occurs later, or (b) if a summary judgment motion has been filed, within 30 days after a decision on such motion.

b. The parties shall file any motions *in limine* 30 days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

c. The parties shall file any requests to charge, proposed verdict sheets, and proposed *voir dire* questions 10 business days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

5. This order may not be modified or the dates herein extended, except by further order of this Court requested in accordance with Section I.C of the Court's Individual Practices.  Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.  Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this order.  Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

**SO ORDERED.**

_/s/ Hector Gonzalez_
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 23, 2026