# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSA FLORES and DAVID HOWARD, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALLIED AVIATION SERVICES INC.,<br><br>Defendant. | No.: 25 Civ. 6259 (HG) |

**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant produce the documents requested herein for the purposes of inspection and copying within 30 days after service hereof, in accordance with the instructions and definitions below.

**INSTRUCTIONS**

For the purposes of these Requests, the following instructions shall apply:

A. You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

B. Each Request which seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, brokers or servants of the business or corporate entity.

C. Each Request should be responded to separately. However, a document, which is responsive to more than one Request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

D. Pursuant to FED. R. CIV. P. 34(b), all documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

E. Unless otherwise indicated, Plaintiffs request that Defendant produce responsive ESI as follows:

1. Documents should be provided on physical media (e.g. external hard drive) or by secure transfer.

2. Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

3. Paper Documents should be scanned and processed. If a document is available to Defendant both in paper and electronic form, Plaintiffs requests that Defendant produce the requested Document in electronic form, as described herein.

4. Pursuant to Federal Rule of Civil Procedure 34(a)(1), a plaintiff may specify the form or forms in which ESI is to be produced. Plaintiffs request that ESI be produced according to the instructions contained in Attachment A.

5. A cover letter or fact sheet should be included describing in as much detail as practicable the contents of the collection.

6. All productions should be produced as they are ordinarily maintained, for example, organized by custodian or sources.

F. If any document responsive to these Requests is withheld based on a claim of privilege or other protection, for each such document: (i) identify the withheld document--including its general subject matter, its date, its author and its addressee; (ii) state the privilege or other grounds for withholding the document; and (iii) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

G. If you object to part of any Request, please furnish documents responsive to the remainder of the Request.

H. All documents produced in response to this Request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

I. If any requested documents were lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

J. With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your

possession, custody or control, the manner in which it ceased to be in your possession, custody and control and the name and address of its present custodian.

K. Unless otherwise indicated, each Request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired during the relevant period, as defined in the Definitions section.

L. This Request is continuing in nature and requires a continuing duty to promptly supplement the production with documents obtained subsequent to the preparation and filing of a response to each Request.

## DEFINITIONS

1. All definitions and rules of construction set forth in Federal Rules of Civil Procedure and Local Civil Rule 26.3 shall apply to all Requests herein.

2. Definitions set forth in the Class and Collective Action Complaint ("Complaint"), and Defendant's Answer, as may be amended ("Answer"), if any, are incorporated.

3. Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

4. The use of the singular shall include the plural and the use of the plural herein shall include the singular.

5. The use of the masculine form of any word herein shall include the feminine and the use of the feminine form of any word herein shall include the masculine.

6. "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether oral, written, electronic, or by any other means.

7. "Collective Member" means all individuals who worked for Defendant in a Supervisor position at any time since November 10, 2022, except for the individuals employed at Newark Liberty International Airport.

8. "Class Member" means all individuals who worked for Defendant in a Supervisor position within the State of New York at any time since November 10, 2019.

9. "Supervisor" means any individual who, during the Relevant Period, worked for Defendant in New York State on behalf of all Fueling Supervisor/Dispatchers ("Supervisors") employed by Allied.

10. The "FLSA" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and constitute every section cited in Plaintiffs' Complaint.

11. "Lawsuit" shall mean the above-captioned action.

12. The "NYLL" means the New York Labor Law, and constitute every section cited in Plaintiffs' Complaint.

13. "Plaintiffs" means Rosa Flores and David Howard.

14. The term "produce" means to produce in the document's native format and includes Electronically Stored Information ("ESI"). ESI should be produced in its native format in accordance with the above Instructions ¶ E and Exhibit A.

15. The term "relating to" as used herein shall mean consisting of, referring to, describing, discussing, constituting, evidencing, reflecting, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

16. Unless otherwise indicated, the "Relevant Period" is six years preceding the filing of the Complaint.

17. The terms "you," "your" and "yourself" as used herein, shall mean and refer to the Defendant and its agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on Defendant's behalf.

## DOCUMENTS REQUESTED

**REQUEST 1:** Plaintiffs' personnel files.

RESPONSE:

**REQUEST 2:** All contracts or agreements between Defendant and any Plaintiff during the Relevant Period.

RESPONSE:

**REQUEST 3:** The files and documents relating to the Plaintiffs' including but not limited to the files, any supervisor files, and other files containing data or documents of any kind pertaining to Plaintiffs' working relationship with Defendant, including performance reviews or data, any documents detailing poor performance, agreements or contracts, letters regarding payment, audits, and any document otherwise relating to Plaintiffs' work for Defendant.

RESPONSE:

**REQUEST 4:** All training materials used by Defendant to train Plaintiffs during the Relevant Period. This request includes, without limitation: all handbooks, training policies, job posting policies, and policies regarding maintaining chain of custody.

RESPONSE:

**REQUEST 5:** Job descriptions for the Supervisor position held by Plaintiffs during the Relevant Period.

RESPONSE:

**REQUEST 6:** All documents containing information regarding the hours worked by Plaintiffs, during the Relevant Period, while employed as Supervisors.

RESPONSE:

**REQUEST 7:** The schedules showing the shifts Defendant intended Plaintiffs to work, during the Relevant Period, while employed as Supervisors.

RESPONSE:

**REQUEST 8:** Documents showing the compensation paid to Plaintiffs each pay date during the Relevant Period, while employed as Supervisors, including, without limitation: payroll records, compensation records, payroll files, and paystubs.

RESPONSE:

**REQUEST 9:** Defendant's policies, practices, and procedures for Supervisors during the Relevant Period, including without limitation, policies, practices, or procedures for pay approval, hiring, discipline, and termination.

RESPONSE:

**REQUEST 10:** Documents depicting the organizational structure and reporting relationships between Supervisors, Duty Managers, Operations Managers, and General Managers.

RESPONSE:

**REQUEST 11:** Performance evaluations of Plaintiffs during the Relevant Period.

RESPONSE:

**REQUEST 12:** Time studies, analyses, time-and-motion studies, and other documents that describe the amount of time that Plaintiffs and Class Members spend performing job duties.

RESPONSE:

**REQUEST 13:** Documents discussing rulings, decisions, or opinions rendered by any court or administrative agency relating to the issue of whether Defendant classified its Supervisors, whether employed in New York or elsewhere, properly as exempt or non-exempt from overtime. This Request is not limited by any date or time parameters.

RESPONSE:

**REQUEST 14:** Produce opinions sought or received by Defendant from any court, governmental entities (such as the Department of Labor), consultant, advisor, and counsel relating to whether Plaintiffs, the Class Members, the Collective Members, or any subset of the Class Members were properly classified as exempt from overtime pay regulations of the FLSA or NYLL. This Request is not limited by any date or time parameters.

RESPONSE:

**REQUEST 15:** Any determinations of the New Jersey Department of Labor that the supervisors are exempt employees are appropriately compensated under the NJWPL, NYLL and FLSA, as asserted in the Answer.

RESPONSE:

**REQUEST 16:** Expert reports relating to the subject matter of this lawsuit including but not limited to drafts, notes, and email sent to or from any expert.

RESPONSE:

**REQUEST 17:** Documents depicting the supervisory structure related to Supervisors, including: (1) the number and job titles of employees who report directly to Supervisors; and (2) job titles of employees who Supervisors report to.

RESPONSE:

**REQUEST 18:** All performance reviews, disciplinary documents, personnel-related write-ups, completed by Plaintiffs while employed as Supervisors.

RESPONSE:

**REQUEST 19:** All documents showing that Plaintiffs were involved in the hiring or termination of an employee of Defendant while employed as Supervisors.

RESPONSE:

**REQUEST 20:** All witness statements obtained by Defendant that relate to this Lawsuit.

RESPONSE:

**REQUEST 21:** All communications regarding whether Supervisors are entitled to overtime wages during the Relevant Period.

RESPONSE:

**REQUEST 22:** All documents Defendant intends to rely at trial.

RESPONSE:

**REQUEST 23:** All documents obtained by Defendant through subpoenas in this case.

RESPONSE:

**REQUEST 24:** All documents Defendant through FOIA, FOIL, OPRA, or similar requests for public records related to the claims or defenses in this matter.

RESPONSE:

**REQUEST 25:** Any and all documents and/or ESI concerning Allied's document destruction, retention, and/or archiving policies, including, without limitation, all policies applicable to electronic files and records, any changes in such policies, and any litigation hold(s) issued in this case.

RESPONSE:

**REQUEST 26:** All notices, emails, or other correspondence that Defendant issued to any Supervisor during the Relevant Period related to hours work, pay policies or practices, or payment for additional hours worked or hours worked beyond a scheduled shift.

RESPONSE:

**REQUEST 27:** All documents provided to any expert retained by Defendant for purposes of defending this action.

RESPONSE:

**REQUEST 28:** All documents reviewed or relied upon by any expert retained by Defendant for purposes of defending this action.

RESPONSE:

**REQUEST 29:** True and accurate copies of any and all expert report(s) prepared for Defendant for purposes of defending this action.

RESPONSE:

* * *

Plaintiffs reserve their right to supplement these requests as may be necessary and appropriate.

Dated: Melville, New York
May 15, 2026

Respectfully submitted,

By: ______________________
Garrett Kaske

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Ravi Sattiraju
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: 609-469-2110
Fax: 609-228-5649
rsattiraju@s-tlawfirm.com

***Attorneys for Plaintiffs and the Putative FLSA Collective and New York Class***

To: Frank W. Brennan, Esq.
**FORCHELLI DEEGAN TERRANA, LLP**
333 Earle Ovington Boulevard, Ste 1010
Uniondale, New York 11553
(516) 248-1700
fbrennan@forchellilaw.com

***Attorneys for Defendant***

ATTACHMENT A

**ESI PRODUCTION INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 34(a)(1), Plaintiffs request that ESI be produced as follows:

1. In this litigation, the Defendant's production of electronically stored information ("ESI") shall be made in accordance with the following specifications:

a. *General Document Format*. Each electronic document shall be produced in black-and-white single-page Group IV Tagged Image File Format ("TIFF") format, at its original resolution or with at least 300 dots per inch (dpi). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Image load files shall be provided in .opt format to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

b. *Hard Copy Documents.* Documents that exist in hard copy format only shall be scanned and produced as single-page Group IV TIFFs, with at least 300 dpi. Each TIFF image shall be named according to the corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and applicable confidentiality designation. TIFFs shall show all text and images that would be visible to a user of the hard copy documents. The documents should be unitized as they currently physically exist in the ordinary course of business.

c. *De-duplication.* The Parties are required to produce only a single copy of a responsive document and may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document family level) across volumes. To the extent that de- duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed methods of de-duplication.

d. *Bates Numbering.* Bates numbers shall be unique IDs with a prefix that can readily be attributed to the producing party. Bates numbers shall be sequential.

e. *Text-Searchable Documents*. To the extent the documents are text- searchable, whether because the documents already exist in text-searchable format independent of this proceeding, or are converted to text-searchable format for use in this proceeding, or in any other proceeding, then such documents shall be produced in the same text-searchable format at no cost to the receiving party. The full text of each document shall be included in the production volume and the path to where

the full text of the document is stored in the production volume shall be identified in the "TEXT_PATH" field of the .dat file of the production volume.

f. *Native Files*. Documents that cannot be rendered to TIFF format, that cannot be produced at their original resolution in TIFF format, or that cannot be legibly rendered in TIFF format will be produced in native form. For each document produced in native format, VR Respondents shall also produce a corresponding cover page in TIFF format, specifying that the document has been "produced in native format" and endorsed with the Bates Number and Confidentiality Designation, if applicable, which will be inserted into the image population in place of the native file. For all documents produced in native format, the path to where the native of the document is stored in the production volume shall be identified in the "NATIVE_PATH" field of the .dat file of the production volume.

g. *Confidentiality Designation*. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the any Protective Order entered in this proceeding. Each responsive document produced in native format will identify the confidentiality designation in the filename of the native file. In addition, each document that is assigned a Confidentiality designation shall be identified as such in the "CONFIDENTIALITY" field of the .dat file.

h. *Password Protections*. Use commercially reasonable efforts to open password-protected or encrypted files, including commercially accessible software, when appropriate and feasible.

i. *Text Messages, Chat Messages, and Instant Messages.* Responsive text messages, chat messages, and instant messages shall be produced with each individual message as a separate document (and thus receiving a separate row in the .dat file). In addition, the overall text conversation (in the case of SMS messages) or the overall message channel (in the case of instant messages sent via a channel, such as a Slack channel) shall be produced as a separate document (and thus receiving a separate row in the .dat file). For the overall text conversation or the overall message channel, as the case may be, the complete conversation or channel shall be produced in black-and-white single-page Group IV Tagged Image File Format ("TIFF") format, at its original resolution or with at least 300 dots per inch (dpi), as described above in Paragraph 1(a).

j. *Metadata.* The [Plaintiffs/Defendants/Parties] shall extract, and produce a .dat file that contains the following metadata for each ESI document, if available and accessible:

# ATTACHMENT A

| Field Order | Field Name | Description | Example |
|---|---|---|---|
| 1. | BEGIN_DOC | The beginning bates number of this document | XYZ00000001 |
| 2. | END_DOC | The last bates number of this document | XYZ00000032 |
| 3. | BEGIN_FAMILY | The beginning bates number of the document family | XYZ00000001 |
| 4. | END_FAMILY | The last bates number of the document family | XYZ00000072 |
| 5. | NATIVE_PATH | Path to where the native document is stored in the production volume, for load file mapping | Native\DEF0000001.msg |
| 6. | TEXT_PATH | Path to where the full text of the document is stored in the production volume, for load file mapping | Text\ DEF0000001.txt |
| 7. | SORT_DATE_TIME | The date and time assigned to this document for purposes of general sorting by date and time.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 8. | FAMILY_SORT_DATE_TIME | The date and time assigned to this document's family for purposes of general sorting by date and time.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss<br>. | 05/22/2021 18:20:23 |
| 9. | BEGIN_ATTACH | The beginning bates number of the attachments to the document | XYZ00000033 |
| 10. | END_ATTACH | The ending bates number of the attachments to the document | XYZ00000072 |
| 11. | LANGUAGE | The language(s) used in the document | english; french; spanish |
| 12. | CUSTODIAN | The custodian to which this document is associated | Jane Doe |
| 13. | ALL_CUSTODIANS | All custodians to which this document is associated, pre-deduplication | Jane Doe; John Doe; John Smith |
| 14. | RECORD_TYPE | The type of electronic record, which is one of the following: Email, Attachment, Embedded File, Text Message, Instant Message, or Electronic File | Email |
| 15. | FILE_EXTENSION | The file extension of the original (native) of this document | .txt, .msg, .ppt, .msg, .xls, .doc |
| 16. | AUTHOR | The author field from the metadata of the original (native) of this document | Jdoe |
| 17. | TIME_ZONE | The time zone that applies to the date fields of the document. ***All date field metadata should reflect UTC.*** | UTC |
| 18. | CREATED_DATE_TIME[1] | The date and time the native file was created.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format: | 05/22/2021 18:20:23 |

[1] For the several date_time fields, the producing party has the option of producing each of the dates and times as separate fields or as consolidated date_time fields.

| | | | |
|---|---|---|---|
| | | hh:mm:ss | |
| 19. | MODIFIED_DATE_TIME | The date and time the native file was last modified.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 20. | SAVED_DATE_TIME | The date and time the native file was last saved.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 21. | ACCESS_DATE_TIME | The date and time the native file was last accessed.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 22. | PRINTED_DATE_TIME | The date and time the native file was last printed.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 23. | FILE_SIZE | The size of the native file, in bytes | 264322 |
| 24. | PAGE_COUNT | The number of pages of this document | 7 |
| 25. | ORIGINAL_FILE_PATH | The path to where the native file was originally stored. Path should include the file name. | H:\Shared\DoeJ\draft.docx |
| 26. | EMAIL_FILE_PATH | Populated for emails only. The internal path to the original location of the email, including the original file name. | Personal Folders\Deleted Items\Meeting Notes.msg |
| 27. | ALL_FILE_PATHS | All of the original file paths for this document and duplicates of this document | H:\Shared\DoeJ\draft.docx<br>C:\documents\personal\draft.docx |
| 28. | FILE_NAME | Original file name of the native file. | Meeting Notes.docx |
| 29. | INTERNET_MSG_ID | The Internet Message ID assigned to an email message by the outgoing email server. | E2875G9D850923MDE @xxx.domain.net |
| 30. | EMAIL_THREAD_ID | Populated for email only. The unique thread ID assigned to the email thread. | 2093 |
| 31. | CHAT_CHANNEL_NAME | Populated for text, chat, and instant messages only. The name of the channel, thread, or group, in which the message was sent. | #human_resources |
| 32. | CHAT_CHANNEL_ID | Populated for text, chat, and instant messages only. The unique ID of the channel, thread, or group, in which the message was sent. | 2304975 |
| 33. | CHAT_WORKSPACE_NAME | Populated for text, chat, and instant messages only. The name of the workspace or server in which the message was sent. | ACME CORP. SLACK<br>ACME CORP. DISCORD SERVER |
| 34. | COMM_FROM | Populated for emails and other electronic messages, including text, chat, and instant messages. The sender of the email or electronic message. | jane.doe@hotmail.com |
| 35. | COMM_TO | Populated for emails and other electronic messages, including text, chat, and instant messages. The main recipients of the email or electronic message. | john.smith@gmail.com;<br>jane.doe@hotmail.com |

## ATTACHMENT A

| | | | |
|---|---|---|---|
| 36. | COMM_CC | Populated for emails. The "carbon copy" recipients of the email. | |
| 37. | COMM_BCC | Populated for emails. The "blind carbon copy" recipients of the email. | |
| 38. | SUBJECT | Populated for emails. The subject of the email. | Meeting Minutes June 7, 2021 |
| 39. | SENT_DATE_TIME | Populated for emails and other electronic messages, including text, chat, and instant messages. The date and time when the message was sent.<br>Date is formatted in US format: mm/dd/yyyy<br>Time is formatted in US format:<br>hh:mm:ss | 05/22/2021 18:20:23 |
| 40. | MD5HASH | The MD5Hash of the document. | |
| 41. | CONFIDENTIALITY | The Confidentiality designation, if any, of the document. | CONFIDENTIAL<br>ATTORNEYS EYES ONLY |
| 42. | REDACTION | Indicates whether the document has been redacted. Leave this field blank if no redactions. | YES |

k. *Image Load File*. Each production volume that contains any documents in TIFF format, as described in [Paragraph 1(a)], shall be accompanied by an image load file in .opt format.

l. *Time Zone.* The metadata produced for all ESI will reflect the UTC.

m. *Family Relationships.* Family relationships between documents (*i.e.*, the association between an attachment and its parent document) shall be preserved to the extent available and reflected in the produced metadata (*i.e.*, in the fields BEGIN_FAMILY and END_FAMILY).

n. *Metadata Changes*. The producing party shall produce a list of any changes to metadata that have occurred during the process of extracting metadata. An inadvertent change in metadata that results solely from the process of extracting metadata for production in this proceeding shall not constitute a violation of this agreement. In the event of any such changes, the parties shall meet and confer concerning the appropriate method of restoring the metadata, if any.

o. *Retention of Original Documents.* Retain native electronic source documents for all electronically stored information produced in this proceeding. Use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed as the time of the original production in the event the review of such metadata becomes necessary.

p. *Production Volume Structure.* All production volumes shall be produced in the following structure:

-- DEF_PROD_VOL_01/

---- DEF_PROD_VOL_01.dat

---- DEF_PROD_VOL_01.opt

---- NATIVE/

---- TEXT/

---- IMAGE/