FORCHELLI DEEGAN TERRANA

**FRANK W. BRENNAN**
PARTNER
FBRENNAN@FORCHELLILAW.COM

August 28, 2026

**VIA ECF**

Via ECF Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: Flores et al. v. Allied Aviation Servs. Inc.
Case No. 25 Civ. 6259 (E.D.N.Y.)

Dear Chief Magistrate Judge Scanlon:

As the Court is aware, this office is counsel to the Defendant in the above-referenced matter and, due to the unique nature of this action, submit this correspondence as both Defendant's opposition to Plaintiffs' motion to compel and Defendant's cross-motion, on consent, seeking one further extension of time to complete written discovery up to and including September 25, 2026, and to grant the parties leave to file a status report by September 30, 2026, advising the Court as to how the Parties will be proceed with any remaining discovery.

As advised in our prior request for an extension of time to complete written discovery the Defendant has undertaken a search of readily available relevant documents which are, at least in part, responsive to some of Plaintiffs discovery demands. In particular, the Defendant has obtained and produced to Plaintiffs' counsel certain individual wage notices to the Plaintiffs, airport security identifications for the Plaintiffs and other personnel file documents relevant to the Plaintiffs. Upon receiving the foregoing documents your affiant was advised that these individual Plaintiffs, as supervisory personnel, recorded their own daily-time on hand-filled time sheets that were turned in to Defendant's payroll weekly. I was further advised that a significant part of the delay in responding was that the hand-filled time sheets were packed away and sent to storage off-site.

It was based upon this production and information that communications were had with counsel, regarding the steps being taken to provide all of the discovery demanded, that consent was given by counsel for the instant letter motion. In addition, the Court should be aware, due to a medical condition experienced by Defendant's General Manager at LaGuardia Airport and the

cessation of Defendant's operations at the airport, the Defendant have been experiencing unforeseen obstacles to obtaining all of the information and documentation necessary to provide complete responses to the Plaintiffs' discovery demands, thereby necessitating the instant request for a final extension.

As part of the conversation with counsel, seeking consent to the instant request, it was explained that this request was intended to be made yesterday. However, subsequent to the conversation with counsel, your affiant was advised yesterday that a significant portion of the outstanding documents had been located and would be made available to me today for review, Bates stamping and production. That information was followed by a conversation with Defendant's General Manager at LaGuardia Airport who advised that, prior to his medical leave, he had pulled a sampling of the Plaintiffs' daily-time hand-filled time sheets and would produce them to me next week. It was explained that, while I still wanted those samplings, we needed the entirety of Plaintiffs' daily-time hand-filled time sheets for the period covered by the action. Defendant's General Manager also advised that he would do his best to get written responses to me once he was able to review any documentation that has been obtained that is responsive to the Plaintiffs' discovery demands.

It is anticipated that barring any additional unforeseen obstacles, the parties should be able to complete written discovery by September 25, 2026 and provide this Court with a plan to address any additional discovery by September 30, 2026. As such, I write with the consent of Plaintiffs' counsel, both in opposition to the motion to compel and to respectfully request that the Court extend the parties' time to complete written discovery up to and including September 25, 2026. grant the parties leave to file a status report by September 30, 2026, advising the Court as to how the Parties will be proceeding with any remaining discovery. As previously noted, the Parties will continue to consider pursuing mediation through the Court-annexed program.

This is the Defendant's third request and the Parties' fourth request to extend the deadlines from the original March 11, 2026, Order, the first request being granted, second request being denied and the third request being granted.

We thank the Court for its consideration.

Respectfully submitted,

*Frank W. Brennan*

Frank W. Brennan